**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Robert R. Korpi[1]

      v.                                                  Civil No. 13-cv-150-PB

FDIC et al.

## REPORT AND RECOMMENDATION

Robert R. Korpi filed this action (doc. no. 1) against the Federal Deposit Insurance Corporation ("FDIC").  Because Korpi is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review to determine, among other things, whether the complaint states a claim upon which relief can be granted.  United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

### Standard for Preliminary Review

Pursuant to LR 4.3(d)(1)(B) and 28 U.S.C. § 1915(e)(2), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if, among

---

[1]Korpi brings this action on behalf of an unspecified class of plaintiffs.  As a pro se plaintiff, Korpi cannot file a class action.  See U.S.C. § 1654; LR 83.2(d).

other things, the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

A complaint must contain: "(1) A short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  Korpi has failed to state a claim upon which relief can be granted because he fails to allege sufficient factual matter to satisfy the pleading requirements

of Rule 8(a) or to state a plausible claim for relief.  Korpi's
complaint (doc. no. 1) consists of the following:

> A.   A nonspecific "charge" as follows: "Usury – Truth in
> Lending – 1/1/2003 – 1/1/2013"

> B.   Two numbered paragraphs as follows:

>> "1.  Lending at exorbitant interest: the lending
>> of money at an exorbitant rate of interest

>> 2.   Exorbitant interest: an exorbitant rate of
>> interest";

> C.   a bible verse;

> D.   a "claim amount" of seven trillion dollars; and

> E.   a "settlement" statement of: "Bring Cash or Keys on or
> before May 15th 2013."

Korpi attached the following documents to his complaint: a
printout of the FDIC website homepage; a document that appears
to be an FDIC handout describing the FDIC's function; a copy of
Korpi's credit report; a copy of a mailing sent to Korpi
concerning a California state court class action suit against a
debt collector; and a newspaper article about frustrated
mortgage borrowers.

Taken together and construed liberally, the complaint and
attachments thereto are insufficient to satisfy the pleading
requirements of Rule 8(a), or to suggest that Korpi could state
a plausible claim for relief.  Korpi fails to present any facts
that show he has been either subject to excessive interest

3

rates, has been subjected to usury, has been subject to a violation of the Truth in Lending Act, 15 U.S.C.A. § 1601, <u>et seq.</u>, or is otherwise entitled to relief.  Korpi has thus failed to state any claim upon which relief might be granted, and the complaint should be dismissed.

### Conclusion

For the foregoing reasons, the court recommends that the complaint be dismissed.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

July 19, 2013

cc:  Robert R. Korpi, pro se

LBM:jba

4